INDUSTRIAL TRUST COMPANY *et al., Ex'rs.* and *Trs. vs.*
GERTRUDE D. DAVIES *et al.*

APRIL 12, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

CONDON, J. This is a bill in equity for the construction of the will of Helen C. Dick, late of Westerly, deceased, which, being ready for hearing for final decree in the superior court, has been certified to this court for our determination in accordance with general laws 1938, chapter 545, §7. The bill of complaint was brought by Industrial Trust Company and Warren Miller Chamberlain, executors and trustees under the will, against Alice Garland Donald, Ruth Garland Howard, Warren Miller Chamberlain in his individual capacity, Elizabeth Chamberlain Crowell and Gertrude D. Davies. The first two respondents above named did not

answer and decrees *pro confesso* have been entered against them. The other respondents appeared and filed answers. All respondents are of full age and *sui juris*.

The controversy concerns the construction of item Third and the third paragraph of item Fifth of the will and is really between the respondent Davies on the one hand and the respondents Crowell and Chamberlain on the other. The interests of the latter and of respondents against whom decrees *pro confesso* have been entered are identical. Respondent Davies contends that she is entitled to the alternative bequest provided by the third paragraph of item Fifth because the testatrix did not at the time of her decease hold title to the real estate devised in item Third. Respondents Crowell and Chamberlain contend that Helen C. Dick, in her lifetime, did not sell that real estate but made a gift of a joint interest therein with right of survivorship to respondent Davies and thereby the devise was satisfied and the alternative bequest under the third paragraph of item Fifth was rendered null and void.

Item Third, so far as it is pertinent to this proceeding, reads as follows:

> "If, at the time of my decease, I shall hold title to the lot and dwelling house, known as Wauwinnet Cottage, situated in Watch Hill, in the township of Westerly, State of Rhode Island, then I give and bequeath to my step-daughter, Gertrude D. Davies, such title and equity, together with all the contents of such dwelling, save and except such articles as I shall otherwise dispose of, under the provisions of Item Second, of this my last Will and Testament, to be hers absolutely and without reserve. Should she be not living at the time of my decease, I give and bequeath such title and equity to my step-granddaughter, Helen Davies Browne. If neither of these two shall survive me, then such title and equity shall be considered a part of my residuary estate, and shall be disposed of as hereinafter provided."

The third paragraph of item Fifth provides:

> "If I shall have sold my house at Watch Hill, Rhode Island, and the provisions contained in the first para-

graph of Item Third, of this my last Will and Testament cannot be carried out, then my Trustees will at this time pay to my step-daughter, Gertrude D. Davies, or, should she not be living, to her daughter, Helen T. Davies Browne, the sum of ten thousand dollars, in lieu of such provisions. But if the provisions in Item Third have been carried out or if neither of the two persons above named be living, then this bequest is null and void."

Helen C. Dick executed her will on August 12, 1932 and a codicil thereto on August 19, 1936, which, however, is not involved in this proceeding. On June 12, 1937 she executed a warranty deed conveying to herself and Gertrude D. Davies as joint tenants with right of survivorship the real estate described in item Third of her will. She deceased July 2, 1945 leaving said will which has been duly probated. In these circumstances the complainants alleged in their bill of complaint that four questions were presented for the determination of this court. However, the parties have stipulated that two of the questions relating to the incidence of certain taxes may be withdrawn and the will deemed to be construed as requiring that Federal estate taxes and Rhode Island inheritance taxes be paid from the residue of the estate of Helen C. Dick without any right of contribution or reimbursement in respect to any part thereof from respondent Gertrude D. Davies.

The two questions which remain for our determination are stated in paragraph numbered 13 of complainants' bill as follows: "(a) Did the conveyance of the said real estate known as Wauwinnet Cottage by testatrix to herself and respondent Gertrude D. Davies as joint tenants and the vesting in the respondent Gertrude D. Davies of the entire interest in fee simple of said real estate upon the decease of testatrix constitute a satisfaction or ademption of the provisions made for Gertrude D. Davies in said will? (b) Is Gertrude D. Davies entitled to payment by complainants as trustees as aforesaid of the sum of Ten Thousand

Dollars ($10,000) being the sum referred to in paragraph 4 of this Bill of Complaint?"

Respondent Davies, in support of her contention that there has been no satisfaction of the devise, relies on *Rhode Island Hospital Trust Co.* v. *Keith,* 26 R. I. 42. Respondents Crowell and Chamberlain argue that that case is not applicable to the situation here and that, in any event, the law which should be applied is that laid down in the later case of *Hayes* v. *Welling,* 38 R. I. 553, which they say is in agreement with the great weight of authority elsewhere. Briefly that principle is that after a will is made, an advancement to a child is either a complete or *pro tanto* satisfaction of a bequest. They further argue that the rule is to the same effect where a devise of realty is involved, and they cite 4 Page on Wills, §1519. Respondent Davies urges in reply that that doctrine is declared in the *Keith* case to be nonexistent in Rhode Island, although she admits that later cases do not appear to have adopted the view which was taken in that case.

Those cases and other authorities cited by the parties present an interesting discussion of that rule of construction, but we are of the opinion that in the circumstances here reference to those authorities is not necessary to determine the intention of the testatrix. Where that intention is clear from the language which the testatrix has employed to express it there is no need to resort to rules of construction. *Industrial Trust Co.* v. *Wilson,* 61 R. I. 169. The last sentence of the third paragraph of item Fifth furnishes the key to the proper construction of the will in the situation which the testatrix created by her deed of the real estate to Gertrude D. Davies. In that sentence she expressly and unequivocally says: "But if the provisions in Item Third *have been carried out* * * * then this bequest is null and void." (italics ours) The italicized words, in our opinion, have reference to the possibility that the testatrix might in her lifetime give Gertrude D. Davies the real estate devised in item Third, in which

event the provisions of the item would necessarily be deemed by her to have been carried out. Indeed, the only one who could carry them out would be the testatrix. The question then necessarily arises: Did the testatrix, by her deed, make a gift of a joint interest in the real estate or did she convey it in return for a valuable consideration paid by Mrs. Davies? The answer to that question is involved in construing the third paragraph of item Fifth, since, if testatrix gave Mrs. Davies the house, there was no sale thereof within the meaning of the language of that item and the bequest thereunder of $10,000 would not take effect. For this reason it is incumbent upon this court to find whether or not there was such a sale in the circumstances in which the conveyance of the real estate was made.

On this question evidence was presented in the superior court on which the respondent Davies based the argument that the deed was for a valuable consideration, namely, the contribution by the respondent of a large part of her time to living in close companionship with the testatrix at Watch Hill and away from her own home and family at the suggestion or request of Mrs. Dick. On the witness stand she admitted that she had not paid to Mrs. Dick any monetary consideration for the deed. There was also other testimony which appears to negative the claim that the conveyance was for some other valuable consideration. Indeed, respondent's own testimony tends, in our opinion, to show clearly that the deed was not for any valuable consideration but was a freewill offering of Mrs. Dick out of her affection for Mrs. Davies.

When she was asked what conversation Mrs. Dick had with her about the conveyance, Mrs. Davies testified: "Well, she asked me if I wouldn't like a half interest in the house. I said, 'Well, that is up to you, dear.' She said, 'I would like to have you, I think you would feel you would be with me perhaps more, you would feel more at home; and I think it would be nice to have you have it.' I thought

it was very kind of her and thanked her. * * * Q. And was there any further conversation had between you and Mrs. Dick at the time that this conveyance was made? A. No, we didn't have anything to say about it, except that I said once, 'If you ever get mad at me or anything like that and you don't want me with you and you want to take this back, I will deed it back to you.' That was the only thing we said."

In our opinion Mrs. Dick's conveyance of the joint interest was not the result of any agreement with Gertrude D. Davies for a valuable consideration but was purely gratuitous and was so understood by Mrs. Davies at that time. There was, therefore, no sale of the real estate to her but a gift in the lifetime of the testatrix of a joint interest in the property devised in item Third which was made absolute by the death of Mrs. Dick leaving Mrs. Davies surviving. This was tantamount to that devise *having been carried out* upon the death of the testatrix.

As an answer to both questions propounded to us we find that respondent Gertrude D. Davies is not entitled to the alternative bequest of $10,000 provided in the third paragraph of item Fifth, because the intention of the testatrix, expressed in item Third, has been carried out by her deed and by her decease, leaving Gertrude D. Davies surviving her.

On April 23, 1948, the parties may present to this court a form of decree, in accordance with this opinion, to be entered in the superior court.

*Hinckley, Allen, Tillinghast & Wheeler, Bruce M. Docherty,* for complainants.

*Edwards & Angell, Edward Winsor; John L. Clark, Chamberlain, Kafer, Wilds & Jube* of New York Bar, for respondents Warren Miller Chamberlain, individually, and Elizabeth Chamberlain Crowell.

*J. Frederick Murphy* and *Raymond F. Henderson,* for respondent Gertrude D. Davies.